■ In the Matter of INTERNATIONAL AVIATION SERVICES OF NEW YORK, INC., Appellant-Respondent, v. FLAGSIM CO., INC., Respondent-Appellant.— In a proceeding pursuant to article 75 of the CPLR to stay arbitration between the parties, (1) the petitioner, International Aviation Services of New York, Inc., appeals from so much of a judgment of the Supreme Court, Westchester County, dated October 26, 1970, as denied the application insofar as it was addressed to the respondent's claim for work, labor and services in the sum of $210,931.95 (the judgment reduced this claim to $182,219.46); and (2) the respondent, the Flagsim Co. Inc., cross-appeals from so much of the judgment as granted the application insofar as it was addressed to the respondent's claim with respect to the construction of a 30 by 40 foot office building. Judgment affirmed insofar as appealed from, without costs. The letter of intent agreement provides: "The cost portion of the contract will represent all direct job costs, including field labor, sub-contractors, etc. more specifically outlined in AIA contract forms plus a 10% overhead and 5% fee to be added to cost items as our contractual charge." This provision does not indicate an intent to incorporate by reference all of the other provisions of the AIA contract form which do not deal with direct job costs, field labor, subcontractors or related matters. There is no showing that the arbitration clause in the AIA contract form was ever considered or referred to. Parties may not be compelled to participate in an arbitration unless they have clearly agreed to do so (CPLR 7501; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7501.21). Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.

■ In the Matter of DORETHA MURPHY, Respondent, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.— In a proceeding pursuant to article 78 of the CPLR, inter alia, to compel the Commissioner of the Department of Social Services of the State of New York to issue certain subpoenas to be returnable at a certain statutory "fair hearing", said commissioner appeals, as limited by his brief, from an order of the Supreme Court, Queens County, entered April 24, 1973, granting such relief, except so much of the order as granted the commissioner's motion for reargument. Order affirmed insofar as appealed from, without costs, upon the consent of appellant's counsel in open court. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.

■ In the Matter of OPAN REALTY CORP., et al., Respondents, v. HELEN H. PEDRONE, Individually and as Executrix of KENNETH PEDRONE, Deceased, Appellant. Order of the Supreme Court, Nassau County, dated September 6, 1973, affirmed, with $20 costs and disbursements. In so holding, we are of the view that appellant, Mrs. Pedrone, is not precluded under paragraph Seventeenth of the partnership agreement from making application to receive her aliquot share of the partnership. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Cohalan, JJ., concur.