■ DALLAS PARKS, Respondent-Appellant, v GEORGE STEINBRENNER et al., Appellants-Respondents.—Order, Supreme Court, Bronx County (Silbowitz, J.), entered September 18, 1984, which denied defendants' motion for an order granting summary judgment on the ground that the court lacked in personam jurisdiction, unanimously modified, on the law, to hold that service of process pursuant to CPLR 308 (2) was proper, and, as so modified, affirmed, with costs.

Plaintiff Dallas Parks, a former major league baseball umpire, commenced this action for defamation against defendants New York Yankees, Inc., New York Yankees Partnership (Yankees), and George Steinbrenner, general partner of the latter. Steinbrenner uttered the alleged defamatory statement after the August 27-28, 1982 series between the Yankees and the Toronto Blue Jays at which plaintiff officiated. Excerpts from the subsequently issued press release were published in newspapers nationwide.

We agree with Special Term as to the efficacy of service of process pursuant to CPLR 311 and 313. *(Laufer v Ostrow,* 55 NY2d 305, 313 [1982]; *ABKCO Indus. v Lennon,* 52 AD2d 435, 440 [1st Dept 1976].)* We modify, however, to hold that substituted service under CPLR 308 (2) was also properly effectuated. Plaintiff delivered the summons and complaint "to a person of suitable age and discretion" (CPLR 308 [2]). His process server avers that they were delivered to Melville Southard, general counsel for the Yankees, at Yankee Stadium on August 12, 1983. Thereafter, Parks properly completed substituted service by mailing the pleadings to Steinbrenner at the Hillsboro Hotel Building in Tampa, Florida. Steinbrenner's residence was ascertained from the Yankees' certificate of doing business as partners under an assumed name (Certificate) dated August 10, 1978 on file in the County Clerk's office of the Bronx Supreme Court.

Steinbrenner's contention that the Hillsboro Hotel, his alleged business address until 1982, should not be deemed his last known address under these circumstances is unconvincing. He executed the Certificate approximately 43 months after he claims to have assumed residence at 10102 E. Lindelaan, Tampa, Florida. General Business Law § 130 (1) provides in pertinent part that

"[n]o person shall hereafter (i) carry on or conduct or transact business in this state under any name or designation other than his or its real name, or (ii) carry on or conduct or transact business in this state as a member of a partnership, unless:

"(a) Such person * * * shall file * * * a certificate setting forth * * * the names of all partners, with the residence address of each such person".

More significantly, it requires that any change in address must be disclosed in an amended statement filed within 30 days of the change (General Business Law § 130 [3]). Subdivision (9) further provides that the certification of a false statement constitutes a misdemeanor.

Steinbrenner cannot now avoid jurisdiction by claiming that the representations contained in the Certificate executed by him were incorrect. Notwithstanding any information obtained by Parks concerning another possible residence, the Hillsboro Hotel address identified in the Certificate may be deemed Steinbrenner's "last known" residence for purposes of service. Any other result would frustrate the statutory purpose of section 130, which is "to protect the public, to afford

the public information as to the identity of the persons conducting the business, to prevent deception and confusion [citations omitted]." *(Reed v Pelley,* 112 Misc 2d 382 [Sup Ct, Broome County, 1982].) Concur—Carro, J. P., Asch, Fein, Milonas and Rosenberger, JJ.