Stephen J. Wing, Esq. County Attorney, Dutchess
Your office has requested an Attorney General's opinion as to whether a county clerk can require that a power of attorney instrument be filed or recorded together with another instrument which was executed pursuant to that power of attorney.
The inquiry states that the Dutchess County Clerk received for filing a limited partnership agreement signed by an attorney in fact, apparently by authority of a power of attorney. A copy of the power accompanied the document, but was not offered for recording. Where documents signed by attorneys in fact were offered for recording, the policy of the clerk's office in the past has been to require that the power be recorded as well. Your question is whether section 294 of the Real Property Law requires that the power of attorney accompany the filing of the partnership agreement or other document submitted for filing, such as a mortgage or deed.
Recording of limited partnership agreements is governed by section81 of the Partnership Law (see also, General Business Law, § 130[7]). This section requires partnerships to file a certificate with the clerk's office of the county where the principal place of the business is located. The certificate must set forth the names of "the person or persons intending to deal under such name, with their respective places of residence" (Partnership Law, § 81; see, Parks vSteinbrenner, 115 A.D.2d 395, 396-397 [1st Dept, 1985]). Certificates of powers of attorney which may accompany these partnership certificates are not required to be filed by section 81.
Section 291 of the Real Property Law provides for recording of conveyances:
 "A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk shall, upon the request of any party, on tender of the lawful fees therefor, record the same in his said office" (Real Property Law, § 291; emphasis supplied).
The statute does not require purchasers to record property conveyances, but encourages them to do so by providing that conveyances which are not recorded are void as against subsequent purchasers (ibid.; AndyAssociates, Inc. v Bankers Trust Co., 49 N.Y.2d 13, 20 [1979]). Although recording by the purchaser is optional, the county clerk is required to record those documents presented for recording.
Section 294 of the Real Property Law deals specifically with the recording of powers of attorney that may accompany property conveyances, and provides as follows:
 "An executory contract for the sale, purchase or exchange of real property, or an instrument canceling such a contract, or an instrument containing a power to convey real property, as the agent or attorney for the owner of the property, acknowledged or proved, and certified, in the manner to entitle a conveyance to be recorded, may be recorded in the office of the recording officer of any county in which any of the real property to which it relates is situated, and such recording officer shall, upon the request of any party, on tender of the lawful fees therefor, record the same in his said office" (Real Property Law, § 294[1]; emphasis supplied).
As in the case of recording conveyances, the underscored language indicates the statute authorizes but does not require recording of powers of attorney, and requires recording officers to accept any powers of attorney that are offered for filing. Furthermore, the statutory provisions governing powers of attorney do not require recording of the instrument memorializing the power of attorney relationship (General Obligations Law, §§ 3-501, 5-1501, et seq.). We reached this same conclusion with regard to powers of attorney in a 1956 opinion (1956 Op Atty Gen [Inf] 17). Since that time, section 294 has not been amended in any way which affects this conclusion, and we hereby reaffirm the findings contained therein.
We note, however, that a different rule applies with regard to the recording of discharges of mortgages. Section 321 of the Real Property Law provides, in relevant part, as follows:
 "[A] certificate of discharge of the mortgage or of any interest therein may be signed (i) by an agent who has been authorized by any such person to demand or receive payment or to give a certificate of discharge of the mortgage by a power of attorney, provided such power of attorney is of record in the office where the mortgage is recorded, and no instrument of revocation has been recorded . . ." (Real Property Law, § 321[1][f]).
Recording the power of attorney, therefore, is a precondition to the valid execution of the discharge pursuant to that power of attorney.
We conclude that State law does not require the recording of an instrument of power of attorney together with a deed or instrument, other than a certificate of discharge of a mortgage given by an agent by a power of attorney.