■ Frank Portelli, Plaintiff, v Trump Empire State Partners et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Clay Drywall, Third-Party Defendant-Appellant-Respondent. [786 NYS2d 5]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 10, 2003, which, to the extent appealed from as limited by the briefs, denied so much of third-party plaintiffs'

motion for summary judgment on their claims of contractual indemnification and breach of contract to procure insurance, and denied third-party defendant's cross motion for summary judgment dismissing those third-party claims, unanimously modified, on the law, third-party plaintiffs' motion granted on their claims of contractual indemnification and breach of contract for failure to procure insurance, and otherwise affirmed, without costs.

When third-party defendant signed and submitted the winning bid and was awarded the contract, it manifested assent to the terms of third-party plaintiffs' offer as set forth in the Project Specifications and the Empire State Building Standards, Specifications and Guidelines, including provisions for indemnification and procurement of insurance. Since the parties entered into this written indemnification agreement prior to the date of plaintiff's accident, the indemnification claims against plaintiffs' employer are not precluded by Workers' Compensation Law § 11. That employer never contested the alleged failure to procure insurance on behalf of third-party plaintiffs. Concur—Nardelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.