■ JOSEPH MARTELLE, Plaintiff, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents. AIELLO AND SONS AIR CONDITIONING CO., INC., Third-Party Defendant-Appellant. [817 NYS2d 504]—

In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated February 25, 2005, as denied its motion to dismiss the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the third-party claim for common-law indemnification, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents, and the third-party claim for common-law indemnification is dismissed.

Contrary to the contentions of the third-party defendant, the Supreme Court properly denied that branch of its motion which was to dismiss the third-party claim for contractual indemnification. Workers' Compensation Law § 11 generally bars claims against employers for indemnification or contribution arising out of injuries sustained by an employee acting within the scope of employment (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363 [2005]). However, an exception exists where there is "a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law § 11). Construing the indemnification clause at issue in light of all of the contract documents, the purpose of the entire agreement, and the surrounding facts and circumstances (*see generally Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361 [2004]), we find that it was sufficient to meet the requirements of the statute (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427 [2005]; *Acosta v Green Mgt. Corp.*, 267 AD2d 67 [1999]).

However, since it is undisputed that the plaintiff did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11, the Supreme Court should have granted that branch of the third-party defendant's motion which sought dismissal of the third-party claim for common-law indemnification (*see Soto v Alert No. 1 Alarm Sys.*, 272 AD2d 466 [2000]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.