■ KERRY SPIEGLER et al., Plaintiffs, v GERKEN BUILDING CORPORATION et al., Defendants, and INTEGRITY CONTRACTING, INC., Defendant and Third-Party Plaintiff-Respondent. ALLRAN ELECTRIC OF NEW YORK, INC., Third-Party Defendant-Appellant. [826 NYS2d 674]—

In an action to recover damages for personal injuries, etc., the

third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated November 1, 2005, as denied those branches of its motion which were for summary judgment dismissing the third-party causes of action based on contractual and common-law indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the third-party cause of action based on common-law indemnification and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On or about May 5, 2000 the injured plaintiff Kerry Spiegler was working on the construction of a bank office on premises owned by the Gerken Building Corporation and leased to the North Fork Bank. Integrity Contracting Inc. (hereinafter Integrity), was the general contractor at the work site and had entered into a subcontract purchase order agreement with Allran Electric of New York, Inc. (hereinafter Allran), to provide electric work at the work site. Spiegler, who was employed by Allran, allegedly was injured when a length of pipe fell on him. After the accident, Spiegler completed his workday, reported back to work the next day, and continued working thereafter for at least "a few months." He later claimed that the accident caused injury to his lumbar spine area, including disc bulges and herniations, as well as radiculopathy. He received workers' compensation for his medical expenses.

The plaintiffs subsequently commenced this action, inter alia, against Integrity, which, in turn, commenced a third-party action against Allran, seeking, inter alia, contractual and common-law indemnification. Allran moved, inter alia, for summary judgment dismissing the contractual indemnification cause of action on the ground that there was no agreement to indemnify, and dismissing the common-law indemnification cause of action on the ground that Spiegler had not sustained a "grave injury" within the meaning of Workers' Compensation Law § 11. The Supreme Court denied the motion, and this appeal followed.

We agree with Allran's contention that the cause of action for common-law indemnity should have been dismissed. Employers such as Allran who provide workers' compensation coverage are immune from tort liability except in a narrow class of cases in which the plaintiff has sustained a "grave injury" (see Workers' Compensation Law § 11; *Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 415-416 [2004]). By statute, "grave injury" is "both narrowly and completely described" (*see Rubeis v Aqua Club, supra* at

416) as "death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia, or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11). Because Spiegler's alleged injuries to his back, as described in his deposition testimony and as further amplified in his second supplemental verified bill of particulars, clearly do not fall within any of the enumerated categories, he did not sustain a "grave injury," and therefore Integrity is barred from asserting a common-law indemnification claim against Allran (*see Angwin v SRF Partnership,* 285 AD2d 568, 569 [2001]).

The Workers' Compensation Law does not, however, preclude Integrity from pursuing a contractual indemnification claim against Allran, provided that such claim is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law § 11). Here, prior to the accident, Integrity and Allran executed a "Subcontractor Purchase Order" which provided, in relevant part, that "[t]his document has been prepared to be used in conjunction with the AIA Document, A-401 Standard Form of Agreement between Contractor and Subcontract [*sic*] 1987 Edition." Although the purchase order itself contained no indemnification provision, the A-401 Standard Form of Agreement referred to in the purchase order did contain such a provision. On this record, we find that Allran failed to establish its prima facie entitlement to judgment as a matter of law dismissing the contractual indemnification claim because its submission leaves unresolved material issues of fact as to whether the parties to the purchase order intended the provisions of the A-401 Standard Form of Agreement to be incorporated by reference into the purchase order (*see Kenner v Avis Rent A Car Sys.,* 254 AD2d 704 [1998]; *cf. Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp.,* 208 AD2d 73, 77-78 [1995]; *Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 112 [1981]; *Matter of International Aviation Servs. of N.Y. v Flagsim Co.,* 43 AD2d 971 [1974]).

Allran's remaining contention need not be reached in light of our determination. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.