■ MICHELLE DePAOLA, Plaintiff, v ALBANY MEDICAL COLLEGE et al., Defendants, and FUNERAL SERVICE DEPARTMENT OF THE FACULTY-STUDENT ASSOCIATION OF HUDSON VALLEY COMMUNITY COLLEGE, INC., Defendant and Third-Party Plaintiff-Appellant. NEW YORK UNIVERSITY COLLEGE OF DENTISTRY et al., Third-Party Defendants-Respondents. [834 NYS2d 866]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 18, 2006, which granted the motion of the third-party defendants New York University College of Dentistry and New York University for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the third-party defendants' motion for summary judgment dismissing the third-party complaint seeking contribution and indemnification. In response to the third-party defendants' prima facie showing that the plaintiff did not sustain a "grave injury" as defined by the statute, the defendant third-party plaintiff failed to raise a triable issue of fact (*see* Workers' Compensation Law § 11; *Rubeis v*

*Aqua Club, Inc.*, 3 NY3d 408 [2004]; *Martelle v City of New York*, 31 AD3d 400, 401 [2006]; *Angwin v SRF Partnership*, 285 AD2d 568, 569 [2001]; *Fitzpatrick v Chase Manhattan Bank*, 285 AD2d 487 [2001]). Additionally, gross negligence and/or reckless conduct on the part of an employer will not neutralize the exclusivity of the Workers' Compensation Law as would an intentional tort (*see Acevedo v Consolidated Edison Co. of N.Y.*, 189 AD2d 497, 500 [1993]; *Briggs v Pymm Thermometer Corp.*, 147 AD2d 433, 436 [1989]; *Orzechowski v Warner-Lambert Co.*, 92 AD2d 110, 113-117 [1983]).

The defendant third-party plaintiff's remaining contentions are without merit. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.