■ ALBERT CIFONE, Plaintiff, v ANDROS BROADWAY, INC., et al., Defendants, and ORION & GLOBAL CHARTERING CO., INC., Respondent and Third-PartyPlaintiff. LARSEN & RUGGIERO MECHANICAL et al., Third-Party Defendants-Appellants. [836 NYS2d 599]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 12, 2006, which denied the motion of third-party defendants Larsen & Ruggiero Mechanical and GJR Heating & Air Conditioning Services, Inc. for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, the motion granted and the third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.

The third-party defendants demonstrated that they were entitled to summary judgment dismissing the third-party complaint inasmuch as they were plaintiff's employer and he did not suffer a grave injury (*see Martelle v City of New York*, 31 AD3d 400, 401 [2006]). Moreover, given third-party plaintiff

Orion's failure to respond to third-party defendants' notice to admit, there is no doubt that the annexed contract, pursuant to which plaintiff had been working, contains no indemnification provisions. Nor was GJR's failure to file a certificate pursuant to General Business Law § 130 stating that it was doing business as Larsen & Ruggiero Mechanical fatal to its defense inasmuch as such failure is unrelated to the purpose of the statute, which "is to protect the public, to afford the public information as to the identity of the persons conducting the business, [and] to prevent deception and confusion" (*Parks v Steinbrenner*, 115 AD2d 395, 396-397 [1985] [internal quotation marks and citation omitted]).

We also note that third-party defendants are not "maintaining" an action, which is prohibited by the statute, but are merely defending one. It is also unclear why Orion named GJR as a third-party defendant since the contract and workers' compensation form contain only the name of Larsen & Ruggiero. Nevertheless, in support of their motion for summary judgment, third-party defendants submitted an affidavit from Gerard J. Ruggiero, stating that he was "president and a 50% owner of G.J.R. Heating & Air Conditioning Services, Inc. d/b/a Larsen & Ruggiero Mechanical. Larsen & Ruggiero Mechanical is a 'DBA.' " Orion submitted nothing to the contrary. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Catterson, JJ.