■ LUKASZ FALKOWSKI, Respondent, v KRASDALE FOODS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant and Second Third-Party Plaintiff-Respondent-Appellant. COMMERCIAL TRANSPORTATION GROUP et al., Third-Party Defendants-Appellants; COMMERCIAL PERSONNEL SERVICES, INC., Second Third-Party Defendant-Appellant. [858 NYS2d 665]—

In an action to recover damages for personal injuries, (1) Commercial Personnel Services, Inc., appeals from so much of an order of the Supreme Court, Queens County (Price, J.), entered December 11, 2006, as granted that branch of the cross motion of Krasdale Foods, Inc., which was for summary judgment against it on its cause of action in the second third-party complaint for contractual indemnification, (2) Commercial Transportation Group and Commercial Logistics, Inc., separately appeal from so much of the same order as granted those branches of the cross motion of Krasdale Foods, Inc., which were for summary judgment against them (a) on its cause of action in the third-party complaint for contractual indemnification and (b) on its cause of action alleging breach of contract for failure to procure insurance, and (3) Krasdale Foods, Inc., cross-appeals, as limited by its brief, from so much of the same order

as (a) granted that branch of the plaintiff's motion which was for leave to serve and file an amended complaint and amended bill of particulars to add a cause of action alleging negligent entrustment, and (b) denied that branch of its cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to Krasdale Foods, Inc., by Commercial Transportation Group, Commercial Logistics, Inc., and Commercial Personnel Services, Inc., appearing separately and filing separate briefs, and one bill of costs payable by Krasdale Foods, Inc., to the plaintiff.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to serve and file an amended complaint and amended bill of particulars to add a cause of action alleging negligent entrustment (*see Alatorre v Hee Ju Chun,* 44 AD3d 596 [2007]; *Maloney Carpentry, Inc. v Budnik,* 37 AD3d 558 [2007]). Since a plaintiff may oppose a motion for summary judgment by relying on an unpleaded cause of action (*see Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281 [1978]; *Perez v Cassone Leasing, Inc.,* 40 AD3d 946 [2007]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523 [2005]), prejudice cannot be inferred simply because the plaintiff sought leave to amend the complaint shortly before Krasdale Foods, Inc. (hereinafter Krasdale), cross-moved for summary judgment.

The Supreme Court properly denied that branch of Krasdale's cross motion which was for summary judgment dismissing the complaint, as Krasdale failed to establish its prima facie entitlement to judgment as a matter of law. There are issues of fact as to whether it had actual or constructive notice of the alleged defective condition causing the accident (*see Gatto v Turano,* 6 AD3d 390 [2004]; *Abayev v Jaypson Jewelry Mfg. Corp.,* 2 AD3d 548 [2003]), and whether it knowingly entrusted a dangerous instrument to a person who did not understand all the dangers posed (*see Hamilton v Beretta U.S.A. Corp.,* 96 NY2d 222, 236 [2001]; *Splawnik v Di Caprio,* 146 AD2d 333 [1989]; *Martinez v Hitachi Constr. Mach. Co., Ltd.,* 15 Misc 3d 244, 254 [2006]).

Krasdale established its prima facie entitlement to judgment as a matter of law on its causes of action in the third-party complaint and the second third-party complaint for contractual indemnification. The exclusivity provisions of Workers' Compensation Law § 11 do not vitiate a provision in a written contract by which an employer expressly agrees to provide indemnification (*see Rodrigues v N & S Bldg. Contrs., Inc.,* 5 NY3d 427 [2005]; *Tonking v Port Auth. of N.Y. & N.J.,* 3 NY3d 486 [2004];

*Castilla v K.A.B. Realty, Inc.,* 37 AD3d 510 [2007]; *Spiegler v Gerken Bldg. Corp.,* 35 AD3d 715 [2006]; *Martelle v City of New York,* 31 AD3d 400 [2006]). The contract need not be signed by the employer to be enforceable (*see Flores v Lower E. Side Serv. Ctr., Inc.,* 4 NY3d 363, 369 [2005]; *Mentesana v Bernard Janowitz Constr. Corp.,* 36 AD3d 769 [2007]). In opposition, the third-party defendants Commercial Transportation Group and Commercial Logistics, Inc. and the second third-party defendant Commercial Personnel Services, Inc. failed to raise a triable issue of fact.

Finally, the Supreme Court properly granted that branch of Krasdale's cross motion which was for summary judgment on the cause of action alleging breach of contract against the third-party defendants for failure to procure insurance naming Krasdale as an additional insured (*see Kinney v Lisk Co.,* 76 NY2d 215 [1990]; *Simel v City of New York,* 274 AD2d 466 [2000]; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420 [1998]). Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.