■ John P. Mantovani, Plaintiff, v Whiting-Turner Contracting Company et al., Defendants, and Herbert G. Martin, Inc., Defendant and Third-Party Plaintiff-Respondent-Appellant. ADCO Electrical Corp., Third-Party Defendant-Appellant-Respondent. (And Additional Third-Party Actions.) [869 NYS2d 544]—

In an action to recover damages for personal injuries, the third-party defendant ADCO Electrical Corp. appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered May 18, 2007, as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and the defendant third-party plaintiff Herbert G. Martin, Inc., cross-appeals, as limited by its

notice of appeal and brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment on that cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was an employee of ADCO Electrical Corp. (hereinafter ADCO), which was the subcontractor of Herbert G. Martin, Inc. (hereinafter Martin), the electrical contractor on an improvement project at the Yonkers Public Library. The plaintiff, who had been assigned to "light duty" as the result of a previous back condition, was injured while standing on a hydraulic lift operating a gunpowder-actuated tool to drill holes in a cement ceiling.

The Workers' Compensation Law generally bars claims against employers for indemnification or contribution arising out of injuries sustained by an employee acting within the scope of employment. An exception exists where there is a provision in a written contract entered into prior to the accident or occurrence, pursuant to which the employer expressly agreed to contribution or indemnification with respect to the person or entity asserting a right to contribution or indemnification (see Workers' Compensation Law § 11; *Rodrigues v N & S Bldg. Contrs., Inc.,* 5 NY3d 427 [2005]; *Flores v Lower E. Side Serv. Ctr., Inc.,* 4 NY3d 363, 369 [2005]; *Falkowski v Krasdale Foods, Inc.,* 50 AD3d 1091 [2008]; *Martelle v City of New York,* 31 AD3d 400 [2006]; *Portelli v Trump Empire State Partners,* 12 AD3d 280 [2004]).

Here, there was sufficient evidence of a written contract between ADCO and Martin, in the form of a certificate of liability insurance, providing that ADCO would, under certain circumstances, indemnify Martin, to warrant denial of that branch of ADCO's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification (*see Spiegler v Gerken Bldg. Corp.,* 35 AD3d 715 [2006]; *Martelle v City of New York,* 31 AD3d 400 [2006]; *Gilbert v Albany Med. Ctr.,* 21 AD3d 677 [2005]). The Supreme Court also properly denied that branch of Martin's cross motion which was for summary judgment on the issue of ADCO's obligation to indemnify it. Martin's submissions revealed the existence of a triable issue of fact as to whether, under the circumstances of this case, the terms of the Certificate of Liability Insurance obligated ADCO to indemnify Martin (*see Matter of Heimbach v Metropolitan Transp. Auth.,* 75 NY2d 387, 392 [1990]; *Daries v Haym Solomon Home for Aged,* 4 AD3d 447 [2004]). Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.