MARIUSZ BAGINSKI et al., Plaintiffs, v QUEEN GRAND REALTY, LLC, et al., Appellants, et al., Defendant, and MILCON CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent. MACRO CONTRACTING CORP., Third-Party Defendant-Respondent. [891 NYS2d 448]—

On January 11, 2005 the plaintiff Mariusz Baginski (hereinafter the plaintiff) was injured while working as an asbestos remover on a construction project in a Queens warehouse. The plaintiff attempted to gain access to a space over an elevated scaffold by climbing onto a wooden plank, which broke under his feet and caused him to fall about 18 feet to the ground.

The plaintiff and his wife, suing derivatively, commenced this now consolidated action against, among others, the owner of the warehouse, Queen Grand Realty, LLC (hereinafter Queen), and Queen's affiliate and lessee, Manhattan Beer Distributors, LLC

(hereinafter Manhattan) (hereinafter together the appellants), alleging, inter alia, common-law negligence and violations of the Labor Law.

Queen commenced a third-party action against Milcon Construction Corp. (hereinafter Milcon), the general contractor hired by Manhattan to renovate and repair the premises. Milcon commenced a second third-party action against Macro Contracting Corp. (hereinafter Macro), the plaintiff's employer and the subcontractor hired by Milcon under an annual subcontractor's agreement, which contained an indemnification provision at paragraph 15 thereof (hereinafter the indemnity provision).

The indemnity provision provided, inter alia, for Macro to "indemnify, and hold harmless, and defend the Owner, Contractor, Architect . . . and the agents and employees of any of them" for "all injuries, claims, damages, losses and expenses of any kind or nature whatever, . . . directly or indirectly arising out of or resulting from the performance of the Subcontractor's Work under this Subcontract." The indemnity provision also stated that the obligation to indemnify "shall not be limited in any way by any limitation on the amount or type of damage, compensation or benefits payable by or for the Subcontractor under worker's or workmen compensation acts, disability benefits acts or other employee benefit acts."

Workers' Compensation Law § 11 bars a third-party action for contribution or indemnification against an employer whose employee is injured in a work-related accident, except for, inter alia, the existence of "a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 431-432 [2005]; Martelle v City of New York, 31 AD3d 400 [2006]). A contractual indemnification provision must be strictly construed to avoid imposing a duty which the parties did not intend (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989] ["The promise (to indemnify) should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances"]; Eldoh v Astoria Generating Co., LP, 57 AD3d 603, 604 [2008]; Canela v TLH 140 Perry St., LLC, 47 AD3d 743, 744 [2008]).

As the owner of the premises where the accident occurred, Queen established its prima facie entitlement to summary judgment on its proposed contractual indemnification cause of action against Macro based on the plain language of the indemnity

908

provision (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 436, 437-438 [2004]). As Macro failed to raise a triable issue of fact in opposition to Queen's prima facie showing, the Supreme Court should have granted those branches of the appellants' cross motion which were for leave to amend their answer to assert a cause of action for contractual indemnification on behalf of Queen against Macro, to deem such amended answer containing that cause of action served and filed nunc pro tunc, and for summary judgment on that proposed cause of action, and should have denied that branch of Macro's cross motion which was for summary judgment dismissing that proposed cause of action (*see Falkowski v Krasdale Foods, Inc.*, 50 AD3d 1091 [2008]; *Lesisz v Salvation Army*, 40 AD3d 1050 [2007]; *Argueta v Pomona Panorama Estates, Ltd.*, 39 AD3d 785 [2007]).

However, the Supreme Court properly denied those branches of the appellants' cross motion which were for leave to amend their answer to assert a contractual indemnification cause of action on behalf of Manhattan against Macro, and for summary judgment on that proposed cause of action. Manhattan failed to establish its prima facie entitlement to summary judgment on its proposed cause of action for contractual indemnification because the indemnity provision contains no reference to an agreement, let alone an express agreement, which obligated Macro to indemnify the tenant or lessee of a covered "Owner" (*see* Workers' Compensation Law § 11; *Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d at 431-432; *Martelle v City of New York*, 31 AD3d at 400).

The appellants' remaining contention is without merit. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.