■ JOHN CAHN, Respondent, v WARD TRUCKING, INC., et al., Respondents, and J.T. FALK & COMPANY, LLC, Sued Herein as J.T. FALK & COMPANY, INC., Respondent-Appellant/Third-Party Plaintiff-Respondent-Appellant/Second Third-Party Plaintiff-Respondent-Appellant, et al., Defendant. CHEMTREAT, INC., Third-Party Defendant-Appellant-Respondent; ATLANTIC COASTAL TRUCKING, INC., et al., Second Third-Party Defendants-Respondents. (And Other Actions.) [956 NYS2d 3]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered February 16, 2011, which, to the extent appealed from, denied third-party defendant Chemtreat's motion for summary judgment dismissing the third-party complaint and all cross claims against it, and denied defendant/third-party plaintiff/ second third-party plaintiff J.T. Falk's motion for summary judgment dismissing the complaint against it and for summary judgment on its claims for contractual and common-law indemnification against Chemtreat, and for common-law indemnification against Ward Trucking, Atlantic, Triangle and Bermudez, unanimously modified, on the law, to grant Chemtreat's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the third-party complaint and all cross claims against Chemtreat.

This is an action to recover damages for personal injuries sustained by plaintiff when he was struck by a barrel (or drum) of cleaning chemicals that fell off of a hand truck in the lobby of a building owned by defendant 450 Park, where plaintiff worked. Third-party defendant Chemtreat, the vendor of the chemicals, which allegedly failed to pack the barrels properly for delivery, was entitled to summary judgment. The claims for common-law indemnification against Chemtreat should have been dismissed, as the record shows that Chemtreat was not actively at fault in bringing about plaintiff's injury (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 375 [2011]). Indeed, it is undisputed that the

barrels were unpacked by the independent trucking contractors who delivered them, and that the barrel that hit plaintiff fell after the trucking contractors rocked the hand truck during delivery. Chemtreat also owed no duty of care to plaintiff, who was a third party to the vending contract between Chemtreat and Falk (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141 [2002]).

The claims for contractual indemnification against Chemtreat also should have been dismissed. The indemnity provision in Chemtreat's contract with Falk was limited on its face to losses arising from the use of Chemtreat's patented devices, processes, materials and equipment. Because the chemicals were not in use at the time of the accident, a properly strict reading of the indemnity clause bars a finding that Chemtreat owes Falk contractual indemnity (*Baginski v Queen Grand Realty, LLC*, 68 AD3d 905 [2009]). Nor did Chemtreat owe Ward Trucking, which subcontracted the delivery of the barrels to Atlantic/Triangle, contractual indemnity; the contract between Chemtreat and Ward Trucking contains an indemnification clause only in favor of Chemtreat. There is no basis in the record for finding that Chemtreat is subject to the indemnification provisions in the building manager Taconic's construction contract with Dolner, the general contractor.

The court properly denied Falk's motion for summary judgment dismissing the complaint against it. Although Falk did not actually supervise the unloading and delivery of the barrels, issues of fact remain as to whether it had the authority to actually supervise that activity, given the very specific duty in its contract with Dolner to oversee deliveries of materials used in the work (*cf. Reilly v Newireen Assoc.*, 303 AD2d 214, 221 [2003], *lv denied* 100 NY2d 508 [2003]). Because fact issues exist as to Falk's liability to plaintiff, Falk was properly denied summary judgment on its claims for common-law indemnity. Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.

The decision and order of this Court entered herein on May 3, 2012 (95 AD3d 466 [2012]) is hereby recalled and vacated (*see* 2012 NY Slip Op 91432[U] [2012] [decided simultaneously herewith]).