OPINION OF THE COURT
Carol R. Edmead, J.
In this personal injury action, third-party plaintiff Teresha-ran Land Co. of Manhattan LLC (Teresharan Land) moves for summary judgment on its third-party claim against Quattro Construction Management LLC (Quattro) for indemnification, including reasonable attorneys’ fees and to dismiss Quattro’s cross claim.
Factual Background
According to plaintiff’s bill of particulars, plaintiff was injured while working at 132 E. 30th Street, New York City, when he began “wheeling a heavy container filled with garbage/ debris” down a ramp “|j]ust outside the front of the building,” when “the ramp shifted causing the container to fall over on to plaintiff” (ff 2, 5, 6).
Teresharan Land argues that under its contract with plaintiff’s employer Quattro (the contract), Quattro is obligated to indemnify Teresharan Land, “to the fullest extent permitted by law,” for all “claimed liability for bodily injury” (and attorneys’ fees) that arise “out of or resulting from the Work covered by this Contract Agreement.” Since a finding of liability is not required to trigger indemnification, and plaintiff’s complaint alleges a claim of liability against Teresharan Land for bodily injury while he was working in accordance with the contract, Teresharan Land is entitled to indemnification. Tere-sharan Land should also be granted attorneys’ fees in attempting to defend this action, given that Quattro repeatedly failed to produce a witness for a deposition. And, since there is no evidence that Teresharan Land was actively negligent, and the claim against it is premised on statutory grounds as an owner, Quattro’s cross claim against Teresharan Land should be dismissed.
In opposition, Quattro notes that it resolved plaintiff’s claims in principal “through a settlement resolution” and thus the motion is moot. Quattro requested Teresharan Land waive its claims or provide “any tender letters” along with legal bills and expenses, to no avail. In any event, Teresharan Land did not *519 absolve itself from liability and, technically, plaintiff still has negligence and Labor Law § 200 claims pending against Tere-sharan Land. Further, the “claimed liability” language violates General Obligations Law § 5-322.1. And, there is no contractual provision allowing attorneys’ fees, or savings language as to attorneys’ fees so as to prevent the award of attorneys’ fees in the case of Teresharan Land’s negligence, and Workers’ Compensation Law bars the claim for attorneys’ fees sought. In the event the court grants the motion, the court should schedule a hearing to determine reasonable attorneys’ fees, solely as fees incurred in defending suit, and not those attributable to prosecuting the third-party action. And, Quattro attempted to produce a witness for deposition even though plaintiff’s claims were resolved, but Teresharan Land was prepared to move forward. And, due to outstanding discovery, dismissal of Quat-tro’s cross claim is unwarranted.
Discussion
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, by advancing sufficient evidentiary “proof in admissible form” to demonstrate the absence of any material issues of fact (People v Greenberg, 95 AD3d 474, 493 [1st Dept 2012]; Madeline D’Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606 [1st Dept 2012], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986], and Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, the motion must be supported “by affidavit [from a person having knowledge of the facts], by a copy of the pleadings and by other available proof, such as depositions” (CPLR 3212 [b]).
Alternatively, to defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial of any material issue of fact (CPLR 3212 [b]). Thus, where the proponent of the motion makes a prima facie showing of entitlement to summary judgment, the burden shifts to the party opposing the motion to demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action (Wing Wong Realty Corp. v Flintlock Constr. Servs., LLC, 95 AD3d 709 [1st Dept 2012], citing Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Ostrov v Rozbruch, 91 AD3d 147 [1st Dept 2012]).
A party is entitled to full contractual indemnification provided that the intention to indemnify can clearly be implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (Drzewinski v Atlantic *520 Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]; Masciotta v Morse Diesel Intl., 303 AD2d 309 [1st Dept 2003]).
The indemnification provision at issue provides as follows:
“Indemnity. In consideration of the Contract Agreement, and to the fullest extent permitted by law, the Contractor shall defend and shall indemnify, and hold harmless . . . the Owner of the property . . . from and against all liability or claimed liability for bodily injury ... all attorney fees . . . arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Contractor or by anyone for whose acts the Contractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties.”
At the outset, and contrary to Quattro’s contention and case law cited, the inclusion of the phrase “claimed liability” such that it can be read to indemnify Teresharan Land for its own negligence and thus violate General Obligations Law § 5-322.1, lacks merit (see Williams v City of New York, 74 AD3d 479, 480 [1st Dept 2010] [contract “provided for partial indemnification by including recognized ‘savings’ language (‘To the fullest extent permitted by law’)”]). And, contrary to Quattro’s contention, the indemnification provision’s reference to “the fullest extent permitted by law,” which phrase appears at the beginning of the paragraph, applies to attorneys’ fees. There is no indication in the indemnification provision that attorneys’ fees are exempt from such savings language. Thus, Teresharan Land’s indemnification for liability and attorneys’ fees is subject to the savings clause and thus the indemnification provision does not violate General Obligations Law § 5-322.1.
It is noted that General Obligations Law § 5-322.1 (1) renders void and unenforceable agreements “purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons . . . caused by or resulting from the negligence of the promisee . . . [as] against public policy.” In this regard, Teresharan Land’s reliance on the “claimed liability” phrase of the indemnification provision so as to trigger Quattro’s obligation thereunder in the absence of any finding that Teresharan Land was free from negligence, is misplaced. Such interpretation ignores General Obligations Law § 5-322.l’s proscription against exempting Teresharan *521 Land from liability to plaintiff for its own negligence, and also ignores the last phrase in the indemnification provision, to wit: “excluding only liability created by the sole and exclusive negligence of the Indemnified Parties.”
Further, Quattro’s claim that the indemnification provision, including the attorneys’ fees sought, violates the Workers’ Compensation Law for failing to expressly include claims made by employees (i.e., plaintiff herein) lacks merit. “Workers’ Compensation Law § 11 prohibits third-party indemnification or contribution claims against employers, except in the case of a ‘grave injury’ or where based upon a written contract entered into prior to the accident” (Giblin v Pine Ridge Log Homes, Inc., 42 AD3d 705, 706 [3d Dept 2007]; Portelli v Trump Empire State Partners, 12 AD3d 280, 281 [1st Dept 2004] [stating, “(s)ince the parties entered into this written indemnification agreement prior to the date of plaintiff’s accident, the indemnification claims against plaintiffs’ employer are not precluded by Workers’ Compensation Law § 11”]). Here, the contractual indemnification provision broadly and clearly manifests an intent to indemnify Teresharan Land for all liability for bodily injury and attorneys’ fees “arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Contractor.”
Nevertheless, “[w]hile a party who has been held liable to an injured worker solely on the basis of the statutory liability imposed by section 240 (1), without any fault on its part, is entitled to recover under a contract of indemnity,” Teresharan Land did not establish its freedom from negligence for plaintiff’s injuries, or that it is held strictly liable without any fault on its part (Correia v Professional Data Mgt., 259 AD2d 60, 64 [1st Dept 1999] [emphasis omitted]). Inasmuch as plaintiff’s negligence and Labor Law § 200 claims have not been dismissed against Teresharan Land, it cannot be said that Teresharan Land is strictly liable without any fault on its part. Therefore, Teresharan Land failed to establish summary judgment in its favor under the indemnification provision herein.
Conclusion
Based on the foregoing, it is hereby ordered that the motion by third-party plaintiff Teresharan Land Co. of Manhattan LLC for summary judgment on its third-party claim against Quattro Construction Management LLC for indemnification, *522 including reasonable attorneys’ fees and to dismiss Quattro’s cross claim is denied; and it is further ordered that third-party plaintiff Teresharan Land Co. of Manhattan LLC shall serve a copy of this order with notice of entry upon all parties within 20 days of entry.