Serpe v Northside Realty Mgt., LLC (2020 NY Slip Op 07938)





Serpe v Northside Realty Mgt., LLC


2020 NY Slip Op 07938


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-07485
 (Index No. 7620/12)

[*1]Antonio Serpe, plaintiff, 
v
Northside Realty Mgt., LLC, defendant third-party plaintiff-appellant; City of New York, third-party defendant-respondent.


Saretsky Katz & Dranoff, LLP, New York, NY (Barry G. Saretsky of counsel), for defendant third-party plaintiff-appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Anna B. Wolonciej of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, and a related third-party action, inter alia, for contractual indemnification pursuant to a lease agreement, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 17, 2017. The order, insofar as appealed from, granted those branches of the third-party defendant's motion which were to amend its third-party answer to assert an affirmative defense pursuant to Workers' Compensation Law § 11 and, upon amendment, for summary judgment dismissing the third-party cause of action for contractual indemnification, and denied the defendant third-party plaintiff's cross motion, among other things, for declaratory relief.
ORDERED that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the defendant third-party plaintiff's cross motion which was for summary judgment declaring that the indemnification provision at issue in the lease between the defendant third-party plaintiff and the third-party defendant satisfies the contractual indemnification exception to Workers' Compensation Law § 11, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a declaratory judgment consistent with our determination herein.
The plaintiff commenced this personal injury action against the defendant third-party plaintiff, Northside Realty Mgt., LLC (hereinafter Northside), to recover damages for injuries he alleged that he sustained in 2011 when he slipped and fell on water on an interior stairwell in a building owned by Northside. At the time of his accident, the plaintiff was an employee of the third-party defendant, the City of New York, and the building in which he fell was leased by the City from Northside. Northside commenced a third-party action against the City, inter alia, for contractual indemnification pursuant to the parties' lease, as extended by a renewal agreement.
In 2016, the City moved pursuant to CPLR 3025(b) to amend its third-party answer to assert an affirmative defense alleging that Northside's third-party cause of action for contractual indemnification is barred by Workers' Compensation Law § 11, and upon such amendment, for summary judgment dismissing the third-party complaint based on such defense. Northside opposed the City's motion, and cross-moved, among other things, for summary judgment declaring that the indemnification provision at issue in the lease between it and the City is sufficiently specific to satisfy the contractual indemnification exception to Workers' Compensation Law § 11, and that, pursuant to such provision, the City is obligated to indemnify Northside. In an order dated August 17, 2017, the Supreme Court granted the City's motion and denied Northside's cross motion. Northside appeals.
We agree with the Supreme Court's determination granting that branch of the City's motion which was for leave to amend its third-party answer to assert an affirmative defense pursuant to Workers' Compensation Law § 11 (see Wells Fargo Bank, N.A. v Confino, 175 AD3d 536, 537-538; Gitlin v Chirinkin, 60 AD3d 901, 902). However, the court should have denied that branch of the City's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. Although Workers' Compensation Law § 11 generally bars claims against employers for indemnification or contribution arising out of injuries sustained by an employee acting within the scope of employment (see Martelle v City of New York, 31 AD3d 400, 400), the bar does not apply where there is "'a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered'" (id. at 400, quoting Workers' Compensation Law § 11). Here, the indemnification clause in the lease between Northside and the City pre-dates the plaintiff's injuries, and expressly requires the City to indemnify Northside for "any accident [or] injury" to "any person" on the premises "if caused by [the City]." That provision is sufficient to meet the exception to the bar against contribution and indemnification claims against employers under Workers' Compensation Law § 11 (see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 433; Martelle v City of New York, 31 AD3d at 400).
However, Northside failed to establish, prima facie, that the City caused the plaintiff's injuries (see Coque v Wildflower Estates Developers, Inc., 31 AD3d 484, 488-489). Since the indemnification provision is only applicable if "the City caused" the plaintiff's injuries, we agree with the Supreme Court's determination denying that branch of Northside's cross motion which was for summary judgment declaring that the City is obligated to indemnify it pursuant to the indemnification provision in the lease.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the indemnification provision at issue in the lease between Northside and the City satisfies the contractual indemnification exception to Workers' Compensation Law § 11 (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court