■ MICKELE CASTELLI, Also Known as MICHAEL CASTELLI, Respondent, v KDI, ATLANTIC FOODS, INC., et al., Respondents-Appellants, and SHELTER SECURITY SYSTEMS, LTD., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendants. WATCHDOG SECURITY SYSTEMS, INC., Third-Party Defendant. [726 NYS2d 431] —In a consolidated action to recover damages for personal injuries, the defendant third-party plaintiff Shelter Security Systems, Ltd., appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (LaTorella, J.), dated December 19, 1999, which, *inter alia*, granted that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 240 (1) cause of action and denied that branch of its motion which was for summary judgment on the issue of contractual indemnification against the defendant Kolpen Distributors, Inc., and the defendants KDI, Atlantic Foods, Inc., Kolpen Distributors, Inc., and Jack Glazer cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 240 (1) cause of action and denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the respondent.

The plaintiff, Mickele Castelli, a/k/a Michael Castelli, was injured when he fell from a ladder that swayed and rocked and lacked safety feet or any type of anchor. At the time of the accident, the plaintiff, who was employed by the third-party defendant Watchdog Security Systems, Inc., was installing a new alarm system and motion detectors to replace an existing system. Following the accident, the plaintiff commenced this action against, among others, the defendant Jack Glazer, the receiver of the premises where the accident occurred, and the defendants KDI, Atlantic Foods, Inc., and Kolpen Distributors,

Inc., the lessees of the premises, alleging, *inter alia*, that these defendants had violated Labor Law § 240 (1) by failing to furnish him with a ladder that was designed to give proper protection.

The Supreme Court properly granted the plaintiff summary judgment on his Labor Law § 240 (1) cause of action. The plaintiff established that the work that he was performing at the time of his accident constituted an alteration to a structure within the purview of the statute (*see, Walsh v Applied Digital Data Sys.,* 190 AD2d 731; *Atwell v Mountain, Ltd.,* 184 AD2d 1065; *Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292), that he was not provided with appropriate safety devices, and that this violation was a proximate cause of his injuries (*see, Bland v Manocherian,* 66 NY2d 452; *Sprague v Peckham Materials Corp.,* 240 AD2d 392).

There is no merit to the contention of Shelter Securities Systems, Ltd. (hereinafter Shelter) that the Supreme Court erred in denying that branch of its motion which was for summary judgment on the issue of contractual indemnification against Kolpen Distributors, Inc. (hereinafter Kolpen). Although the installation and maintenance agreement between Shelter and Kolpen contained an indemnification clause, that provision, read in its entirety, was clearly intended only to relieve Shelter from liability arising from the failure of its alarm system, or the failure to perform its obligations under the agreement. The plaintiff's injury, which is unrelated to the operation of the alarm system, is beyond the scope of the indemnification clause (*see, Zgoba v Easy Shopping Corp.,* 246 AD2d 539).

The parties' remaining contentions are without merit. Bracken, P. J., Santucci, S. Miller and Smith, JJ., concur.