■ GED W. TOLEDO, Plaintiff, v LONG ISLAND JEWISH MEDICAL CENTER, Defendant and Third-Party Plaintiff-Appellant. FIBER CONTROL, INC., et al., Third-Party Defendants-Respondents. [766 NYS2d 105] —In an action to recover damages for personal injuries, the defendant third-party plaintiff, Long Island Jewish Medical Center, appeals from so much of an order of the Supreme Court, Queens County (Glover, J.), dated July 8, 2002, as denied those branches of its cross motion which were for summary judgment on its causes of action in the third-party complaint for common-law indemnification insofar as asserted against the third-party defendant Testing Mechanics Corp. and for contractual indemnification insofar as asserted against the third-party defendant Fiber Control, Inc., and granted the respective cross motions of the third-party defendants for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action against the defendant third-party plaintiff Long Island Jewish Medical Center (hereinafter LIJ), inter alia, to recover damages pursuant to Labor Law § 240 (1), for injuries he sustained when he fell from the top of a duct while performing certain work during an asbestos abatement project at premises owned by LIJ. At the time of his injury, the plaintiff was employed by the third-party defendant Fiber Control, Inc. (hereinafter Fiber). LIJ also entered into an agreement with the third-party defendant Testing Mechanics Corp. (hereinafter Testing) to monitor the air quality during and after the asbestos abatement project. LIJ commenced a third-party action against Fiber and Testing for contractual and common-law indemnification.

The Supreme Court properly dismissed LIJ's claim for contractual indemnification insofar as asserted against Fiber. Contrary to LIJ's contention, the subject indemnification clause only related to "claims * * * arising out of and in connection with the purchase and/or use of the goods covered by [the] [purchase] order" between the parties, and did not relate to personal injuries arising out of the performance of work (*see Angwin v SRF Partnership,* 285 AD2d 568, 569-570 [2001]; *Castelli v KDI, Atl. Foods,* 281 AD2d 505, 506 [2001]).

The Supreme Court also properly dismissed LIJ's claim for common-law indemnification insofar as asserted against Testing since Testing did not exercise any supervision or control over the activity which resulted in the plaintiff's injury (*see Russin v Picciano & Son,* 54 NY2d 311 [1981]; *Wysocki v Balalis,* 290 AD2d 504, 505 [2002]).

As such, the Supreme Court correctly denied LIJ's cross motion for summary judgment on its claims for common-law and contractual indemnification and granted the respective cross motions of the third-party defendants for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against them. Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.