FRANCIS K. MILLER et al., Plaintiffs, v MOTT'S INC., Doing Business as MOTT'S NORTH AMERICA, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. J.J. YOUNG CO., INC., Third-Party Defendant-Appellant-Respondent. [773 NYS2d 727]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered April 28, 2003. The order denied the motion of third-party plaintiff for summary judgment on its claim for contractual indemnification, granted summary judgment to it on its claim for common-law indemnification and denied the cross motion of third-party defendant for a stay of the trial of the third-party action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the second ordering paragraph, granting the cross motion and staying the trial of the third-party action pending determination of the issue of special employment by the Workers' Compensation Board and as modified the order is affirmed without costs.

Memorandum: Third-party plaintiff, Mott's Inc. (Mott's), commenced this third-party action against third-party defendant, J.J. Young Co., Inc. (Young), for indemnification of or contribution toward damages owing to plaintiffs in the underlying Labor Law § 240 (1) action. Supreme Court properly denied the motion of Mott's for summary judgment on its claim for contractual indemnification, because Mott's did not meet its initial burden of establishing the existence of a contract containing an indemnification provision. Mott's established that it faxed to Young only the front side of a purchase order that contained an indemnification provision on the reverse side, and it failed to establish as a matter of law that Young agreed to the terms on the reverse side of the purchase order through past practice or course of conduct between the parties (cf. *Kay-Bee Toys Corp. v Winston Sports Corp.*, 214 AD2d 457, 458-459 [1995], *lv denied* 86 NY2d 705 [1995]).

We agree with Young that the court erred in granting summary judgment to Mott's on its claim for common-law indemnification. Mott's did not seek such relief in its motion, but rather moved only for summary judgment on its claim for contractual indemnification. "A motion for summary judgment on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense" (*Sadkin v Raskin & Rappoport, P.C.*, 271 AD2d 272, 273 [2000]; *see Lanoce v Anderson, Banks, Curran & Donoghue*, 259 AD2d 965 [1999]; *Conroy v Swartout*, 135 AD2d 945, 946-947 [1987]). Therefore, we modify the order by vacating the second ordering paragraph.

The court also erred in denying Young's unopposed cross motion for a stay of the trial of the third-party action pending a determination by the Workers' Compensation Board whether Young was the special employer of Francis K. Miller (plaintiff). We agree with Young that the court should have granted the cross motion because the court will not be able to address the claim for common-law indemnification between the parties until the Workers' Compensation Board determines whether Young is a special employer of plaintiff and, if so, whether and how the Workers' Compensation award to plaintiff will be apportioned

between plaintiff's general and special employers (*see* Workers' Compensation Law §§ 10, 11; *see generally Liss v Trans Auto Sys.*, 68 NY2d 15, 20-21 [1986]). We therefore further modify the order by granting the cross motion and staying the trial of the third-party action pending determination of the issue of special employment by the Workers' Compensation Board. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.