■ THOMAS J. GILBERT, Plaintiff, v ALBANY MEDICAL CENTER et al., Defendants and Third-Party Plaintiffs-Respondents. AC AND S, INC., Third-Party Defendant-Appellant. [799 NYS2d 685]—

Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 25, 2004 in Albany County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff was injured while working on an asbestos removal project and successfully established Labor Law § 240 (1) liability of the owners, defendants Albany Medical Center and Albany Medical Center Hospital (hereinafter collectively referred to as AMC) (9 AD3d 643 [2004]). AMC commenced a third-party action against plaintiff's employer (hereinafter the employer) alleging that the employer was contractually required to indem-

nify AMC and had breached its obligation to procure insurance naming AMC as an insured. Following disclosure, the employer moved for summary judgment dismissing the third-party complaint. Supreme Court denied the motion. The employer appeals.

Workers' Compensation Law § 11 prohibits a third-party claim for indemnification against an employer unless the plaintiff suffered a "grave injury" or there existed a written contract in which the employer agreed to an indemnification provision (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 367 [2005]). Since plaintiff did not suffer a grave injury, the dispute here focuses on whether there was a prior written contract in which the employer agreed to indemnify AMC for personal injuries sustained by workers at the job site.

The employer initially argues that a contract for indemnification was not established because the document was not signed by a representative of the employer and the indemnification language was on the back page of the two-sided purchase order, but only the front page had been faxed from AMC to the employer. However, there was evidence of a well-established business relationship between AMC and the employer, with over 50 contracts between the entities in the three years preceding this agreement. Many of those prior agreements used the same two-sided purchase order and the employer had been supplied with the back page in many of the previous instances. Moreover, the front side of the subject purchase order provided that the "order is to be accepted subject to conditions listed on [the] reverse side." In light of this evidence and the fact that a contract such as this one "may be valid even if it is not signed by the party to be charged" (*id.* at 368), we agree with Supreme Court that there are factual issues as to whether the employer agreed to the terms on the back page as part of this contract.

Nor are we persuaded by the employer's alternative argument that the language on the back page of the purchase order was insufficient to establish an indemnification obligation for personal injuries resulting from construction work. The relevant clause states: "[The employer] agrees to defend, indemnify and hold AMC harmless against all claims and demands of all persons not parties to this order of whatsoever kind or nature, which may arise or be alleged to arise in connection with the installation, operation, use, maintenance, servicing, supervision, ownership and control of the goods which are the subject of this purchase order." The general rule as to indemnification clauses is that " '[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to

avoid reading into it a duty which the parties did not intend to be assumed' " (*Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004], quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Rodrigues v N & S Bldg. Contrs., Inc.*, 8 AD3d 876, 877-878 [2004], *lv granted* 3 NY3d 612 [2004]). Here, the indemnification clause was written in the broadest of terms requiring the employer "to defend, indemnify and hold AMC harmless against all claims and demands of all persons not parties to this order of whatsoever kind or nature" (*cf. Toledo v Long Is. Jewish Med. Ctr.*, 309 AD2d 921, 922 [2003] ["the subject indemnification clause only related to 'claims . . . arising out of and in connection with the purchase and/or use of the goods covered by [the] [purchase] order' between the parties"]). Subjecting this language to the applicable standard of strict construction, we find it sufficient to impose upon the employer a duty to indemnify AMC under the facts giving rise to the underlying third-party claim (*see Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 918-919 [2000]; *see also Tkach v City of New York*, 278 AD2d 227, 229 [2000]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.