■ PHILIP STAUB, Plaintiff, v WILLIAM H. LANE, INC., Defendant and Third-Party Plaintiff-Respondent. C & C WELDING COMPANY, INC., Third-Party Defendant-Appellant. [870 NYS2d 630]—

Mercure, J. Appeal from an order of the Supreme Court (Lebous, J.), entered November 20, 2007 in Broome County, which, among other things, partially granted defendant's cross motion for summary judgment seeking contractual indemnification from third-party defendant.

Plaintiff, an employee of subcontractor third-party defendant, was injured while installing a steel beam on a building in the Village of Johnson City, Broome County. He thereafter commenced the underlying action against defendant, the general contractor for the project, asserting causes of action sounding in negligence and Labor Law § 200 (1), § 240 (1) and § 241 (6). Following joinder of issue, defendant commenced a third-party action seeking, among other things, contractual indemnification from third-party defendant based upon an unsigned, written proposal submitted by third-party defendant. The proposal purported to incorporate the terms of "AIA Contract A401" into the quote,* and was accepted by defendant orally. The parties did not, however, sign a formal, written contract containing

---

* Specifically, the written proposal stated: "All work is to be done using AIA Contract A401 with this scope of work attached as the 'Work.' "

an express agreement to indemnify. AIA Contract A401, which was not transmitted to defendant along with the proposal, contains the following provision: "To the fullest extent permitted by law, the [s]ubcontractor shall indemnify and hold harmless the [o]wner, [c]ontractor . . . from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the [s]ubcontractor's Work under this [s]ubcontract . . . but only to the extent caused by the negligent acts or omissions of the [s]ubcontractor."

Third-party defendant moved for summary judgment dismissing the third-party complaint in its entirety, and defendant cross-moved for summary judgment on its indemnification claim. Supreme Court denied third-party defendant's motion and granted defendant's cross motion in part, directing that defendant be granted conditional indemnification and defense by third-party defendant in connection with the underlying action. Third-party defendant appeals, and we now modify by denying defendant's cross motion for summary judgment in its entirety.

As relevant here, Workers' Compensation Law § 11 precludes third-party indemnification claims against employers unless the claim is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered." A determination of whether a written contract satisfies section 11 involves a two-part inquiry. "First, we consider whether the parties entered into a written contract containing an indemnity provision applicable to the site or job where the injury giving rise to the indemnity claim took place. Second, if so, we examine whether the indemnity provision was sufficiently particular to meet the requirements of section 11" (*Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 432 [2005]). The parties' dispute centers on whether the first prong of the two-part inquiry has been met.

In that regard, we note that a written agreement may be found to be enforceable if " 'the course of conduct between [the parties], including their writings . . . was sufficient to spell out a binding contract,' notwithstanding the failure of the parties to sign an integrated agreement" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 368 [2005], quoting *Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]). That is, the parties' course of conduct must be reviewed "to determine whether there was a meeting of the minds sufficient to give rise to an enforceable contract" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 370).

Here, third-party defendant included a note on its written proposal—the only written document governing the work performed—that purported to incorporate the terms of AIA Contract A401, which includes an indemnity provision running from the employer (third-party defendant) to the contractor (defendant), as noted above. Nevertheless, third-party defendant's president, Peter Browning, indicated that the parties never used a formal AIA Contract A401 in their prior agreements; rather, defendant generally submitted its own written contract after receiving proposals, and Browning expected and intended that practice to be followed on this occasion. This is consistent with a statement from defendant's senior project manager that the formal subcontract that defendant typically used was not supplied in connection with the job at issue. Furthermore, we note that while Browning admitted during his deposition that formal subcontracts were not always used and arguably indicated—although his deposition testimony is less than clear—that he intended AIA Contract A401, including the indemnification provision, to apply to this project, the record indicates that AIA Contract A401 was never provided to defendant. Given the failure to provide the indemnification provision of AIA Contract A401 and the absence of any evidence that the parties agreed to that provision through either past practice or their course of conduct, we conclude that questions of fact exist regarding whether the parties agreed to be bound by the indemnification provisions of AIA Contract A401 (see Mentesana v Bernard Janowitz Constr. Corp., 36 AD3d 769, 771 [2007]; Gilbert v Albany Med. Ctr., 21 AD3d 677, 678 [2005]; Miller v Mott's Inc., 5 AD3d 1019, 1020 [2004]; cf. Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d at 371). Accordingly, defendant's cross motion for summary judgment must be denied in its entirety.

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to third-party defendant, by reversing so much thereof as partially granted defendant's cross motion for summary judgment; said cross motion denied in its entirety; and, as so modified, affirmed.