JONOTHON AUCHAMPAUGH, Plaintiff, v SYRACUSE UNIVERSITY et al., Defendants, and GENERAL ELECTRIC INTERNATIONAL, INC., Defendant and Third-Party Plaintiff-Appellant. INTERNATIONAL CHIMNEY CORPORATION, Third-Party Defendant-Respondent. [889 NYS2d 706]—

Mercure, J.P. Appeal from an order of the Supreme Court (Garry, J.), entered June 2, 2008 in Tompkins County, which denied a motion by defendant General Electric International, Inc. for summary judgment on its contractual indemnification claim against third-party defendant.

The underlying facts are more fully set forth in a prior decision of this Court in which, modifying a Supreme Court order that granted partial summary judgment to defendants in this action asserting claims sounding in negligence and pursuant to Labor Law §§ 200, 240 (1) and § 241 (6), we dismissed the complaint in its entirety (57 AD3d 1291 [2008]). Defendant General Electric International, Inc. (hereinafter GE) now appeals from an order denying its motion for summary judgment on its contractual indemnification claim against plaintiff's employer, third-party defendant, International Chimney Corporation, which GE had hired to perform work at its steam cogeneration facility in the City of Syracuse, Onondaga County. We affirm.

"[A]n owner [may] bring a third-party claim against an injured worker's employer in only two circumstances: where the injured worker has suffered a 'grave injury' or the employer has entered into a written contract to indemnify the owner" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 365 [2005]; *see* Workers' Compensation Law § 11). Here, there is no claim that plaintiff suffered a grave injury and, thus, GE may proceed only if International Chimney entered into a written agreement to indemnify it. Whether a particular written contract satisfies Workers' Compensation Law § 11 involves a two-part inquiry. "First, we consider whether the parties entered into a written

contract containing an indemnity provision applicable to the site or job where the injury giving rise to the indemnity claim took place. Second, if so, we examine whether the indemnity provision was sufficiently particular to meet the requirements of section 11" (*Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 432 [2005]). International Chimney asserts that the parties' dispute centers only on the first prong of the inquiry. In that regard, we note that "in many instances the issue of whether or when an indemnification agreement came into being in the absence of a signed document will present a question of fact to be resolved by the trier of fact" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 370).

In moving for summary judgment, GE proffered the parties' unsigned purchase order that purported to incorporate additional terms and conditions, and a document setting forth "standard terms and conditions of purchase," including an indemnification clause, that GE sent to International Chimney after work commenced but prior to plaintiff's accident. Assuming without deciding that GE established a prima facie case of entitlement to summary judgment, we conclude that International Chimney raised questions of fact regarding whether the parties agreed to be bound by the indemnification clause.

International Chimney provided an affidavit from its project manager indicating that GE's representative had led him to believe that the purchase order was the only relevant document, as well as the testimony of the GE representative that he was not aware of any contract beyond the purchase order. Moreover, while the purchase order incorporates by reference "[t]he terms and conditions of Year 2000 document—PDF-009 Revision 0 . . . in addition to our standard terms and conditions," the document that was later sent by GE to International Chimney—and which contained the indemnification clause at issue—is entitled "P28A-AL-0003 Rev. A., Standard Terms & Conditions of Purchase." International Chimney did not act in conformity with the requirements of this document; it did not, for example, procure the insurance required by the document or sign and return the document, as requested. Furthermore, GE does not point to any evidence of the parties' past practice that would permit an inference that they agreed to the terms of the document and indemnification clause in the record before us. Under these circumstances, we conclude that Supreme Court properly denied GE's motion for summary judgment on its claim for contractual indemnification (*see Staub v William H. Lane, Inc.*, 58 AD3d 933, 935 [2009]; *Miller v Mott's Inc.*, 5 AD3d 1019, 1020 [2004]; *Brinson v Kulback's & Assoc.*, 296 AD2d

*850, 852* [2002]; *see also Spiegler v Gerken Bldg. Corp.,* 35 AD3d 715, 717 [2006]; *Gilbert v Albany Med. Ctr.,* 21 AD3d 677, 678 [2005]; *see generally Baun v Project Orange Assoc., L.P.,* 26 AD3d 831, 835 [2006]).

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.