VINCENT TULLINO et al., Plaintiffs, v PYRAMID COMPANIES et al., Defendants, and EKLECCO et al., Defendants/Third-Party Plaintiffs-Respondents. TERRA FIRMA CONSTRUCTION CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And a Fourth-Party Action.) [912 NYS2d 79]—

In an action to recover damages for personal injuries, etc., the third-party defendant Terra Firma Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated July 28, 2009, as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs alleged that the injured plaintiff sustained respiratory injuries as a result of his exposure to fireproofing material during the construction of a Filene's Store at the Palisades Mall in West Nyack, New York. The third-party plaintiffs, which

include owners of the premises and contractors sued in this action, commenced a third-party action against, among others, the third-party defendant Terra Firma Construction Corp. (hereinafter Terra Firma), the injured plaintiff's employer, alleging, inter alia, contractual indemnification.

As relevant here, Workers' Compensation Law § 11 precludes third-party indemnification claims against employers unless the claim is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered."

A determination of whether a written contract satisfies Workers' Compensation Law § 11 involves a two-part inquiry. "First, we consider whether the parties entered into a written contract containing an indemnity provision applicable to the site or job where the injury giving rise to the indemnity claim took place. Second, if so, we examine whether the indemnity provision was sufficiently particular to meet the requirements of section 11" (*Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 432 [2005]). The first prong of the two-part inquiry is at issue on this appeal. In *Flores v Lower E. Side Serv. Ctr., Inc.* (4 NY3d 363, 369-370 [2005]), the Court of Appeals held that "the common-law rule—which authorizes review of the course of conduct between the parties to determine whether there was a meeting of minds sufficient to give rise to an enforceable contract—governs the validity of a written indemnification agreement under Workers' Compensation Law § 11."

Here, Terra Firma demonstrated its prima facie entitlement to judgment as a matter of law by submitting the affidavit of its chief executive officer, who attested that there was no contractual agreement between Terra Firma and the third-party plaintiffs providing for indemnification (*see Eldoh v Astoria Generating Co., LP*, 57 AD3d 603, 604 [2008]).

In opposition, the third-party plaintiffs raised a triable issue of fact as to whether the parties agreed to be bound by an indemnification agreement. A purchase order dated July 18, 1997, pursuant to which Terra Firma contracted to perform the work that allegedly led to the injured plaintiff's injuries, indicated that the work was to be performed subject to the terms and conditions of a subcontract agreement entitled "Appendix A." Appendix A is an unsigned agreement between Terra Firma and the third-party plaintiff HRH Construction Interiors, Inc., sued herein as HRH Construction Corporation (hereinafter HRH), which contains an indemnification provision obligating

Terra Firma to indemnify the third-party plaintiffs under certain circumstances. Appendix A contains the same project number as the purchase order dated July 18, 1997, but lists a different purchase order number. The third-party plaintiffs submitted the affidavit of the Vice President of Safety and Risk Management at HRH, who attested that the separate contracts or subcontracts for the different locations and stores within the Palisades Mall all contained the same language as appendix A, which referred to the whole mall facility. Furthermore, that affidavit demonstrated that Terra Firma procured a commercial general liability policy and filed a Certificate of Insurance in accordance with the terms of appendix A. This evidence was sufficient to raise a triable issue of fact as to whether the parties intended to be bound by the terms of appendix A, including its indemnification provision (*see Staub v William H. Lane, Inc.*, 58 AD3d 933, 935 [2009]; *Eldoh v Astoria Generating Co.*, LP, 57 AD3d at 604; *cf. Auchampaugh v Syracuse Univ.*, 67 AD3d 1164, 1165 [2009]).

Accordingly, the Supreme Court properly denied that branch of Terra Firma's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against it. Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.