# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**270**

**CA 12-01485**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

ARON THOMPSON, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

1241 PVR, LLC, CHRISTA CONSTRUCTION LLC,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

HISCOCK & BARCLAY, LLP, ROCHESTER (SCOTT P. ROGOFF OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

FARACI LANGE, LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered May 3, 2012.  The order granted the
motion of plaintiff for partial summary judgment on liability pursuant
to Labor Law § 241 (6).

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries that he sustained while
working at a construction site.  The building under construction was
owned by 1241 PVR, LLC, and Christa Construction LLC (Christa)
(collectively, defendants) was the general contractor.  Plaintiff fell
on ice and snow that had accumulated on the floor of the building
where he was framing interior walls before a proper roof or windows
were installed.  Defendants contend on appeal that Supreme Court erred
in granting plaintiff's motion for partial summary judgment on
liability with respect to the first cause of action, alleging the
violation of Labor Law § 241 (6).  We affirm.

We note at the outset that, contrary to defendants' contention,
the court properly struck the proposed ordering paragraphs dismissing
the second cause of action from the order submitted for the court's
signature.  The record establishes that plaintiff previously had
withdrawn that cause of action (*see generally Schottin v Haque*, 179
AD2d 1049, 1049).

Defendants further contend that the court erred in granting
plaintiff's motion because there are issues of fact with respect to
defendants' affirmative defenses alleging comparative negligence and

primary assumption of risk.  We reject that contention.  Plaintiff alleged that defendants were liable for his injury pursuant to Labor Law § 241 (6) based on their alleged violation of 12 NYCRR 23-1.7 (d), which concerns slipping hazards arising from, inter alia, ice and snow.  It is undisputed that there were in fact accumulations of ice and snow and that Christa was made aware of that fact.  Defendants presented no evidence in opposition to demonstrate that the floor was reasonably and adequately safe despite the violation (see § 241 [6]), and thus the court properly determined as a matter of law that defendants were negligent.  Defendants contend, however, that summary judgment is improper because there is an issue of fact with respect to their affirmative defense of comparative negligence.  Specifically, defendants contend that plaintiff was negligent based on his failure to use tools provided by defendants to remove the ice and snow; his failure to disclose prior back surgeries; and his failure to take proper precautions while moving too quickly on the slippery surface.  Defendants' duty to remove the ice and snow was nondelegable and, absent any express policy that employees, including plaintiff, were to remove ice and snow, plaintiff cannot be held negligent for his failure to undertake defendants' nondelegable duty (cf. Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1427-1428; Lorefice v Reckson Operating Partnership, 269 AD2d 572, 573).  Furthermore, defendants failed to raise an issue of fact whether plaintiff's alleged failure to disclose his prior back surgeries was a proximate cause of his fall.  The foreman testified at his deposition that, if he had been aware of plaintiff's back condition, he would have required plaintiff to carry fewer metal studs; he did not testify that plaintiff would have been prevented from entering the area where he fell.  Additionally, defendants presented no evidence in admissible form establishing that plaintiff was moving too quickly on the ice and snow at the time of his accident.  Indeed, plaintiff's testimony is the only evidence of what actually occurred just prior to the accident because none of the other witnesses observed his fall.  Defendants have therefore failed to introduce triable questions of fact regarding plaintiff's comparative negligence (see generally Zuckerman v City of New York, 49 NY2d 557, 562).

Finally, we reject defendants' contention that there is an issue of fact with respect to their affirmative defense of primary assumption of risk.  Plaintiff was not involved in any "athletic or recreational activities" and the doctrine therefore does not apply to this case (Custodi v Town of Amherst, 20 NY3d 83, 88).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court