■ CHRISTOPHER DiNOVO et al., Respondents, v BAT CON, INC., Defendant and Third-Party Plaintiff-Respondent. PETERSON GEOTECHNICAL CONSTRUCTION, LLC, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [985 NYS2d 311]—

Garry, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 16, 2012 in Saratoga County, which partially denied third-party defendants' motion for summary judgment dismissing the third-party complaint.

Defendant was retained by the County of Onondaga in 2008 to perform emergency repairs on a municipal sewer line in the Town of DeWitt, Onondaga County. In April 2008, third-party defendant Peterson Geotechnical Construction, LLC (hereinafter PGC) submitted a written proposal to defendant to perform part of these repairs, and thereafter undertook the work. Plaintiff Christopher DiNovo (hereinafter plaintiff), a PGC employee, was injured in May 2008 when a drill rig that he was operating tipped over into an excavation trench.

Plaintiff and his wife, derivatively, commenced this action against defendant alleging violations of Labor Law §§ 200, 240 (1) and 241 (6). Defendant answered and commenced a third-party action against PGC and third-party defendant Capital

Well Drilling, Inc. (hereinafter CWD) seeking, among other things, contractual indemnification.* Thereafter, third-party defendants moved for summary judgment dismissing the third-party complaint. Defendant opposed the motion as to PGC, but not as to CWD. Supreme Court granted the motion as to CWD and denied it as to PGC, finding issues of fact as to whether the parties had agreed to be bound by an indemnification agreement. PGC appeals.

Workers' Compensation Law § 11 precludes third-party indemnification claims against employers unless there is a "grave injury," or the claim is based upon an express written agreement for indemnification or contribution. Here, the dispute is limited to whether there was such an agreement between the parties, as it is undisputed that plaintiff did not sustain a grave injury, as statutorily defined. Defendant contends that PGC is bound by an indemnity provision in a subcontract that defendant prepared; PGC contends that it never signed this subcontract, and neither received it nor agreed to its terms prior to plaintiff's accident.

Notably, even an unsigned contract may be enforceable for purposes of Workers' Compensation Law § 11 if " 'the objective manifestations of the intent of the parties as gathered by their expressed words and deeds' " demonstrate that they intended to be bound (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 368-369 [2005], quoting *Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]; *see Staub v William H. Lane, Inc.*, 58 AD3d 933, 934 [2009]). In this respect, the evidence submitted by PGC upon its motion established that defendant and PGC had never worked together before this sewer repair project. After defendant contacted PGC about this job, PGC prepared and transmitted a written proposal to defendant, dated in April 2008, that briefly defined the work to be performed, the price, and other details of the project. The proposal included an attachment containing what PGC's president described as "standard" terms and conditions, including an indemnification provision expressly limiting PGC's responsibility to its own negligence. PGC's president testified that this proposal formalized the terms under which PGC undertook the job, and defendant's vice-president testified that he received and read the document and that defendant accepted the proposal. PGC further supplied a copy of an unsigned subcontract that had been prepared by defendant and that contains the indemnification provisions upon which defendant now relies. Although this document bears the same date in April 2008 as

---

* CWD is a drilling company owned by PGC's president.

PGC's proposal, PGC submitted affidavit testimony by its president asserting that PGC did not receive the subcontract until after plaintiff's May 2008 accident, that no PGC representative ever signed it, and that there were no discussions between PGC and defendant about making its terms retroactive. PGC substantiated this claim with a fax transmittal sheet demonstrating that defendant sent the subcontract to PGC in June 2008.

This showing was sufficient to meet PGC's burden to establish on a prima facie basis that it did not enter into the indemnification agreement or agree to its terms before plaintiff's accident. In response, defendant failed to establish the existence of triable issues of fact (see *Rodriguez v Seven Seventeen HB Buffalo Corp.*, 56 AD3d 1280, 1281 [2008]). Defendant submitted no admissible evidence controverting PGC's showing that it did not receive the subcontract before plaintiff's accident; its general denial of this claim was contained in the affidavit of its attorney, who did not assert any personal knowledge of the transaction. No affidavit from a representative of defendant was supplied, and although the record includes deposition transcripts from several of defendant's officers and employees, none testified to any knowledge of the subcontract. Moreover, the documentary evidence does not support defendant's claim that PGC demonstrated knowledge of the subcontract by acting in conformance with it. Defendant's reliance on certificates of insurance provided by PGC is misplaced, as "[a]n agreement to procure insurance is not an agreement to indemnify or hold harmless" (*Trombley v Socha,* 113 AD3d 921, 924 [2014] [internal quotation marks, citation and emphasis omitted]). PGC's president testified that PGC provided such certificates as a matter of standard practice, and the certificates do not conform to specific requirements in the subcontract as to endorsements and additional insureds. Nothing else in the record raises issues of fact as to whether PGC knew of the subcontract or acted in conformity with it. In the absence of any such evidence, PGC is entitled to summary judgment dismissing the third-party complaint against it (see *Meabon v Town of Poland,* 108 AD3d 1183, 1185 [2013]; *LaFleur v MLB Indus., Inc.,* 52 AD3d 1087, 1088 [2008]; see also *Auchampaugh v Syracuse Univ.,* 67 AD3d 1164, 1165-1166 [2009]; *Miller v Mott's Inc.,* 5 AD3d 1019, 1020 [2004]).

PGC's further contention is rendered academic by this determination and, in any event, was wholly unpreserved (see *Mitchell v Atlas Copco N. Am.,* 307 AD2d 635, 636 [2003]).

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the

order is modified, on the law, with costs to third-party defendant Peterson Geotechnical Construction, LLC, by reversing so much thereof as partially denied the motion for summary judgment dismissing the third-party complaint; motion granted in its entirety, summary judgment awarded to third-party defendant Peterson Geotechnical Construction, LLC and third-party complaint dismissed against it; and, as so modified, affirmed.