Lamela v Verticon, Ltd. (2018 NY Slip Op 04406)





Lamela v Verticon, Ltd.


2018 NY Slip Op 04406


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524554

[*1]JAMES LAMELA et al., Plaintiffs,
v
VERTICON, LTD., et al., Defendants and Third- Party Plaintiffs- Respondents, et al., Defendants; LAMELA & SONS, INC., Third-Party Defendant- Appellant.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Kevin E. Hulslander of counsel), for third-party defendant-appellant.
Goldberg Segalla LLP, Albany (William J. Greagan of counsel), for defendants and third-party plaintiffs-respondents.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an amended order of the Supreme Court (Gilpatric, J.), entered October 28, 2016 in Ulster County, which, among other things, denied third-party defendant's motion
for summary judgment dismissing the third-party complaint.
Plaintiffs in the underlying action were injured when an unsecured wall collapsed and knocked over an extended scissors lift that they were using to perform demolition work. Plaintiffs were employed by third-party defendant, Lamela & Sons, Inc., and the warehouse where the accident occurred was owned by defendant Satin Realty Associates, LLC and leased to defendant Satin Fine Foods, Inc. (hereinafter collectively referred to as Satin). Defendant Verticon, Ltd. was the general contractor and defendant Accurate Refrigeration Design, LLC was [*2]a subcontractor. Employees of Accurate's subcontractor, defendant Cooler Panel Pros Inc., were constructing the wall that collapsed when the accident occurred. Accurate was covered by an insurance policy issued by Hartford Casualty Insurance Company, and Verticon and Satin were additional insureds on that policy. After plaintiffs commenced the underlying action alleging negligence and violations of the Labor Law, Hartford accepted defense and indemnification obligations as to Accurate, Verticon and Satin. To avoid a conflict of interest, independent counsel was appointed to represent Accurate.
In July 2014, Supreme Court granted plaintiffs' motion for partial summary judgment as to liability pursuant to Labor Law § 240 (1) against Verticon and Satin. Shortly thereafter, the action was settled in open court by a stipulation in which defendants and plaintiffs agreed on a total payment of $3.2 million, to be apportioned under an agreement by which Verticon and Satin would pay $2,199,999, Accurate would pay $1, and the remaining balance of $1 million would be paid by Cooler. Although Lamela was not a party to the stipulation, its counsel was present when the settlement was announced. Counsel for Lamela objected to the alleged bad faith of the insurance carriers in negotiating the resolution, apparently relative to the apportionment of liability, and expressly reserved its rights as to all existing cross claims and counterclaims.
After payments and releases were exchanged, Verticon and Satin filed an amended third-party complaint seeking contractual indemnification against Lamela. Lamela moved for summary judgment dismissing the amended third-party complaint, and Verticon and Satin cross-moved for summary judgment on the indemnification claim. At oral argument, counsel for Verticon and Satin clarified that the cross motion sought indemnification as to Satin only, as Supreme Court had previously found that there were questions of fact as to Verticon's negligence. Supreme Court found that Satin was entitled to contractual indemnification in the full amount that had been paid on its behalf under Hartford's policy, granted the cross motion and denied Lamela's motion. Lamela appeals.
A third-party indemnification claim may not be brought against an employer unless, as pertinent here, it is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law § 11; see Staub v William H. Lane, Inc., 58 AD3d 933, 934 [2009]). Such an agreement is enforceable when "the parties entered into a written contract containing an indemnity provision applicable to the site or job where the injury giving rise to the indemnity claim took place . . . [and] the indemnity provision was sufficiently particular to meet the requirements of [Workers' Compensation Law § 11]" (Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 432 [2005]; accord Miller v Larkin, 149 AD3d 1240, 1241 [2017]).
Here, the governing construction contract contained a provision by which Lamela expressly agreed to indemnify Verticon and Satin against "any and all suits, actions, claims, debts, demands, damages, liquidated damages, consequential damages, liabilities . . . and expenses of whatsoever kind or nature . . . arising from the use or operation by [Lamela] of construction equipment, tools, scaffolding or facilities furnished to [Lamela] to perform this [w]ork." In granting summary judgment to plaintiffs on their Labor Law § 240 (1) claim, Supreme Court found that the scissors lift on which plaintiffs were working when the accident occurred was not placed to give proper protection to plaintiffs and that Satin, as the owner of the warehouse, was liable as a matter of law for this statutory violation. It was thus established that Satin's liability to plaintiffs arose from Lamela's "use or operation . . . of construction equipment, tools, scaffolding or facilities" and fell squarely within the plain language of the indemnification provision (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; Clute v NYNEX [*3]Mobile Tech. Servs. Co., 184 AD2d 942, 944-945 [1992]). Accordingly, Satin made a prima facie showing of its entitlement to judgment as a matter of law on its contractual indemnification claim, shifting the burden to Lamela to demonstrate the existence of a triable question of fact (see Baginski v Queen Grand Realty, LLC, 68 AD3d 905, 907-908 [2009]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We agree with Supreme Court that Lamela did not demonstrate that there was a factual issue barring summary judgment for contractual indemnity. We reject Lamela's argument that the indemnification provision in the governing contract does not apply to the accident because the scissors lift that plaintiffs were using was owned by Lamela and was not "furnished to [Lamela] to perform the work" by some other entity. This argument was raised for the first time on this appeal, and Lamela had taken an opposite position in Supreme Court, arguing in another context that the provision did apply to Lamela's use of its own scissors lift (see Clifton Country Rd. Assoc. v Vinciguerra, 252 AD2d 792, 793 [1998])[FN1]. In any event, we find that the language was plainly intended to refer to scaffolding, equipment and tools that are "furnish[ed]" to Lamela's employees within the meaning of Labor Law § 240 (1) and, when read in context, cannot reasonably be construed to limit Lamela's liability in the manner that it suggests. To the extent that Lamela's arguments are premised upon a claim that it is inherently unfair to enforce an otherwise valid contractual indemnification provision that shifts liability for a violation of Labor Law § 240 (1) from an owner or contractor to an employer, this assertion is unsupported by precedent (see e.g. Pritchard v Murray Walter, 157 AD2d 1012, 1014 [1990]; Walsh v Morse Diesel, 143 AD2d 653, 654-656 [1988]; see generally Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d at 431-432). Upon review, we thus agree that the contractual terms are valid and binding, and that Satin is entitled to recovery from Lamela upon the contract.
Nonetheless, in light of the parties' vehement arguments, it bears noting that this determination does not apparently fully resolve the dispute. Substantial issues remain unaddressed by the initial determination regarding this contractual obligation. It is clear that the liability of Satin, upon which indemnification is sought, is based solely upon the statutory obligations imposed by Labor Law § 240 (1), which are "not predicated on fault" (Brown v Two Exch. Plaza Partners, 76 NY2d at 179). When the settlement agreement was entered into, Satin and Verticon had been found strictly liable to plaintiffs for the statutory violation, and no determination had been made as to any party's negligence. Thus, upon the record presented, the cross claims asserted by Lamela as against Verticon, Accurate and Cooler appear to remain undetermined. These cross claims asserted causes of action against these parties for contribution and common-law indemnification. Standing alone, the fact that Satin is entitled to enforcement of the contract by seeking payment from Lamela does not operate to negate or determine Lamela's cross claims against the other parties. As Lamela argues, an apportionment of fault may be appropriate and necessary (see e.g. Young v Casabonne Bros., 145 AD2d 244, 247-248 [1989]).
In sum, Lamela contends that the stipulation was improperly constructed to benefit Hartford by shifting liability away from its allegedly negligent insureds, Verticon and Accurate, so that its nonnegligent insured, Satin, could seek contractual indemnification from Lamela. There may indeed be novel issues presented, arising from the parties' underlying relationships and respective obligations. However, we need not address these issues here. Lamela was not a party to the stipulation, clearly rejected the terms of the proposed allocation upon the record, and expressly reserved the right to proceed upon the cross claims it had duly asserted. Therefore, it does not appear that the determination rendered relative to Satin's right of contractual indemnification serves to obviate or eliminate Lamela's right to proceed in seeking and/or enforcing a determination upon its cross claims.
Egan Jr., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the amended order is affirmed, with costs.



Footnotes

Footnote 1: Despite Lamela's failure to raise this and some other appellate arguments in Supreme Court, we find that they are reviewable because they concern "issue[s] of law which appeared upon the face of the record and could not have been avoided by [Verticon and Satin] if brought to [their] attention at the proper time" (Highbridge Dev. BR, LLC v Diamond Dev., LLC, 67 AD3d 1112, 1114 n 2 [2009] [internal quotation marks and citations omitted]).