Chrisman v Syracuse Soma Project, LLC (2021 NY Slip Op 01663)





Chrisman v Syracuse Soma Project, LLC


2021 NY Slip Op 01663


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., NEMOYER, WINSLOW, AND BANNISTER, JJ.


1072 CA 19-02241

[*1]MICHAEL CHRISMAN, PLAINTIFF-RESPONDENT,
v
SYRACUSE SOMA PROJECT, LLC, AND BURKE CONTRACTING, LLC, DEFENDANTS-APPELLANTS.
BURKE CONTRACTING, LLC, THIRD-PARTY PLAINTIFF-APPELLANT,
v
WHITACRE ENGINEERING CO., AND EJ CONSTRUCTION GROUP, INC., THIRD-PARTY DEFENDANTS-RESPONDENTS. 






SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFF-APPELLANT.
STANLEY LAW OFFICES, SYRACUSE (STEPHANIE VISCELLI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
SUGARMAN LAW FIRM, LLP, SYRACUSE (ADAM P. CAREY OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 15, 2019. The order, among other things, granted the motion of third-party defendants for summary judgment dismissing the amended third-party complaint and granted that part of the cross motion of plaintiff seeking partial summary judgment on liability on the Labor Law § 241 (6) claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of third-party defendants and reinstating the fifth cause of action in the amended third-party complaint, and denying plaintiff's cross motion in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action against defendant Syracuse SOMA Project, LLC, the property owner, and defendant-third-party plaintiff Burke Contracting, LLC (Burke) (collectively, defendants), the general contractor, seeking damages for injuries that he allegedly sustained on a work site involving an addition to a building when he slipped and fell on metal decking upon which there was some amount of snow. Burke subsequently commenced a third-party action seeking indemnification from third-party defendants Whitacre Engineering Co. (Whitacre), a subcontractor responsible for supplying steel mesh for the project, and EJ Construction Group, Inc. (EJ), a subcontractor that was hired by Whitacre to install the steel mesh and employed plaintiff. Defendants appeal from an order that, inter alia, granted third-party defendants' motion for summary judgment dismissing the amended third-party complaint, denied defendants' cross motion seeking, inter alia, summary judgment on Burke's causes of action for contractual indemnification, and granted that part of plaintiff's cross motion for partial summary judgment on liability under Labor Law § 241 (6).
We agree with defendants that Supreme Court erred in granting that part of plaintiff's [*2]cross motion for partial summary judgment on liability under Labor Law § 241 (6). We therefore modify the order accordingly. Section 241 (6) "requires owners and contractors to 'provide reasonable and adequate protection and safety' for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]; see St. Louis v Town of N. Elba, 16 NY3d 411, 413 [2011]). There is, however, a "clear distinction between a violation of an administrative regulation promulgated pursuant to statute, and a violation of an explicit provision of a statute proper: while the latter gives rise to absolute liability without regard to whether the failure to observe special statutory precautions was caused by the fault or negligence of any particular individual, the former is simply some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349 [1998] [internal quotation marks omitted]).
Here, plaintiff's claim that defendants are liable under Labor Law § 241 (6) is based on the alleged violation of 12 NYCRR 23-1.7 (d), which, in pertinent part, directs that workers not be permitted to use "a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition" and requires that substances such as snow and ice be "removed . . . or covered to provide safe footing." It is undisputed that "12 NYCRR 23-1.7 (d) mandates a distinct standard of conduct, rather than a general reiteration of common-law principles, and [thus] is precisely the type of 'concrete specification' " upon which liability under section 241 (6) may be premised (Rizzuto, 91 NY2d at 351; see Kobel v Niagara Mohawk Power Corp., 83 AD3d 1435, 1436 [4th Dept 2011]). Moreover, defendants do not challenge plaintiff's showing that the subject regulation was violated. As defendants correctly contend, however, the violation of 12 NYCRR 23-1.7 (d) is not conclusive with respect to defendants' liability and, instead, merely constitutes "some evidence of negligence and thereby reserve[s], for resolution by a [factfinder], the issue of whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances" (Rizzuto, 91 NY2d at 351). In particular, we conclude that plaintiff's own submissions, including the deposition of Burke's owner who testified—in contrast to plaintiff's testimony—regarding his efforts to clear snow from the metal decking upon arriving at the work site prior to any workers, "raised factual issues with respect to the reasonableness of the safety measures undertaken at the work site" (Irwin v St. Joseph's Intercommunity Hosp., 236 AD2d 123, 131-132 [4th Dept 1997]; cf. Thompson v 1241 PVR, LLC, 104 AD3d 1298, 1298-1299 [4th Dept 2013]).
Defendants also contend that the court erred in granting that part of third-party defendants' motion for summary judgment dismissing Burke's contractual indemnification cause of action against Whitacre and in denying that part of their cross motion for summary judgment on that cause of action. We reject that contention. " '[W]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances' " (Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 433 [2005], quoting Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). Here, Whitacre's submissions in support of its motion, including the deposition testimony of Burke's owner, established that Burke and Whitacre operated under a purchase agreement only rather than pursuant to any "full blown contract," i.e., the parties' agreement did not include an American Institute of Architects (AIA) Contract A401, and such a contract was never provided to Whitacre or executed (see Staub v William H. Lane, Inc., 58 AD3d 933, 935 [3d Dept 2009]). Whitacre thus established that the AIA Contract A401, and the contractual indemnification provision included in that standard form contract, was neither intended to be, nor made, part of the agreement between Burke and Whitacre (cf. id.). Defendants failed to raise a question of fact in opposition. The averments in the affidavit of Burke's owner, which contradicted his deposition testimony, " 'clearly constituted an attempt to avoid the consequences of [his] prior deposition testimony by raising feigned issues of fact, and was [thus] insufficient to avoid summary
judgment' " (Martin v Savage, 299 AD2d 903, 904 [4th Dept 2002]; see Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1579 [4th Dept 2016]).
We agree with defendants, however, that the court erred in granting that part of third-party defendants' motion for summary judgment dismissing the contractual indemnification cause of action against EJ. We therefore further modify the order accordingly. In relevant part, [*3]the subcontract between Whitacre and EJ required EJ to indemnify the owner and general contractor for any claim "arising from or relating to [EJ's] performance" under the subcontract. Contrary to third-party defendants' contention and the court's determination, the claim arose from or relates to EJ's performance under the subcontract inasmuch as plaintiff was an employee of EJ and slipped and fell while walking along the metal decking during his preparation of the materials necessary to complete the steel mesh installation (see DePaul v NY Brush LLC, 120 AD3d 1046, 1048 [1st Dept 2014]; cf. Lombardo v Tag Ct. Sq., LLC, 126 AD3d 949, 951 [2d Dept 2015]). We conclude that third-party defendants' remaining contention in that regard is without merit. We nonetheless further conclude that the court properly denied that part of defendants' cross motion seeking summary judgment on Burke's cause of action for contractual indemnification against EJ inasmuch as Burke failed to establish that it was not negligent as a matter of law (see Divens v Finger Lakes Gaming & Racing Assn., Inc., LP, 151 AD3d 1640, 1642 [4th Dept 2017]; Calloway v Adventure Golf & Games, Inc., 8 AD3d 1015, 1016 [4th Dept 2004]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court